[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before this court on Defendants' Motion to Dismiss the first count of plaintiff's amended complaint.
Chronologically, the subject plaintiff filed with the court, the initial complaint against Guilford Financial Group and seven (7) other defendants. Subsequently, on August 2, 1990, an amended complaint in four counts was filed, claiming, inter alia, fraudulent misrepresentation as to the sale of securities.
On August 14, 1990 this motion was filed by defendant CT Page 4007 alleging lack of subject matter jurisdiction.
A motion to dismiss may be used to challenge the subject matter jurisdiction of a court. Conn. Practice Book 143. A motion to dismiss for lack of subject matter jurisdiction "[o]nce brought to the attention of the court, regardless of the form of the motion. . .must be acted upon. . . .In any event, jurisdiction of the subject matter is a question of law and cannot be waived or conferred by consent. . . ." Cahill v. Board of Education, 198 Conn. 229,238 (1985).
Our courts have made a distinction between actions existing independently of the statute in which the limitation is found and where the limitation is contained in the statute which establishes the remedy. See Travelers Indemnity v. Rubin, 209 Conn. 437, 445-446
(1985), where our Supreme Court stated:
 "The general rule is that where the right of action exists independently of the state in which the limitation is found, such a statutory bar is considered personal and procedural, and, it is deemed waived unless specifically pleaded. . . .Where, however, a specific limitation is contained in the statute which establishes the remedy, the remedy exists only during the prescribed period and not thereafter. In this situation. . .the statute of limitations issue . . .is considered substantive or jurisdictional, and not subject to waiver."
In the matter before this court, the complaint sets forth an action based on an alleged violation of Conn. General Statutes 36-472, concerning prohibited activities regarding the offer, sale or purchase of any security. Conn. General Statutes 36-498(f) provides in part that ". . .no person may sue under this section more than two years after the contract of sale. . . ." Count one of the amended complaint alleges the acts complained of occurred during September and October of 1987 and on June 15, 1988.
The original process in this action was served on June 14, 1990. In McGaffin v. Roberts, 193 Conn. 393, 401 n. 9 (1984), one court stated that an action commences on the date upon which service of process is completed. Accordingly, it can be construed that the act of June 15, 1988, alleged in plaintiff's complaint, was a "contract of sale" within the meaning of Conn. General Statutes 36-496.
For the narrow purpose of the determination of whether this court has subject matter jurisdiction over count one of the CT Page 4008 complaint, it is sufficient that at least part of the count states a cause of action over which the court has jurisdiction. This does not preclude the statute of limitations being raised as a special defense. See Conn. Practice Book 164.
Motion to dismiss is denied.
Socrates H. Mihalakos, Judge.